J-S31029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LANCE COHEN, | |
| Appellant | No. 1542 MDA 2014 |

Appeal from the Judgment of Sentence entered April 30, 2014,
in the Court of Common Pleas of Lebanon County,
Criminal Division at No(s): CP-38-CR-0001487-2010 and
CP-38-CR-0000256-2011

BEFORE:  BENDER, P.J.E., ALLEN, and WECHT, JJ.

MEMORANDUM BY ALLEN J.:              **FILED MAY 18, 2015**

Lance Cohen ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him at Docket No. 1487-2010 of attempted criminal trespass, aggravated assault, disorderly conduct, and providing false identification to the police,[1] and at Docket No. 256-2011 of receiving stolen property.[2]  We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> During the early morning hours of August 15, 2010, Robert Ditzler (hereinafter "Ditzler") was watching a preseason football game on television in his home located at 322 North Ninth Street in the city of Lebanon, Pennsylvania.  Ditzler heard a noise at his

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(i), 901, 2702(a)(3), and 18 Pa.C.S.A. § 4914.

[2] 18 Pa.C.SA. § 3925(a).

front window. Ditzler then went to his front window and saw [Appellant] trying to rip the screen apart. Ditzler testified that as soon as [Appellant] saw him, [Appellant] left right away.

Ditzler contacted the police. He indicated that [Appellant] was alone and he provided a description of [Appellant]. Ditzler indicated that [Appellant] was a Hispanic male wearing a shirt with blue and white stripes on it. [Appellant] was also wearing a hat.

Detective Christopher Cook was dispatched to Ditzler's home for an attempted entry through a window. Det. Cook was provided with the description of the person as given by Ditzler. Officer David Zinda informed Det. Cook and Officer Eric Sims that he observed a male matching the description provided by Ditzler within one city block of Ditzler's home.

When Det. Cook originally approached [Appellant,] he smelled a very strong odor of alcohol. [Appellant] had many things that he pulled from his pocket. Among these items was an I.D. card. When asked what his name was, [Appellant] responded "you have my I.D." The name on the I.D. card was Josue Hernandez Figueroa. [Appellant] was referred to as Josue until they arrived at the police station.

In addition to the I.D. card which [Appellant] possessed, Det. Cook also testified that [Appellant] possessed a large amount of money consisting of both paper money and coins, two watches, a flashlight and a white glove.

Later that evening, Officer Lebo of the Lebanon City Police retrieved [Ditzler] from his home in order to identify [Appellant]. Ditzler was able to positively identify [Appellant] based on his appearance and his clothing.

When interviewed by Det. Cook, [Appellant] stated that he had been at Woofer Magoos and that he was travelling to a Turkey Hill. When questioned about which Turkey Hill [Appellant] was referencing, he became confused and increasingly agitated. Based on Ditzler's identification of [Appellant], [Appellant] was told that he was being arrested by Det. Cook and the other officers on the scene, at which time [Appellant] became more agitated, oppositional, louder and abrasive.

- 2 -

When Officer Zinda attempted to place [Appellant] inside the patrol car, [Appellant] stiffened up, would not bend at the waist to sit in the car and continued to make verbal threats. At one point, [Appellant] leaned back into the car, pulled both knees up in a striking motion and swiftly kicked out at Officer Zinda. [Appellant] was yelling and using curse words and obscenities directed at the officers. Although [Appellant] was repeatedly asked to desist, he continued to scream while inside the police car all the way back to the station.

Once back at the police station, Det. Cook examined the I.D. card and ultimately learned that [Appellant] was not Josue Hernandez Figueroa but was in fact, Lance Cohen.

Trial Court Opinion, 8/14/14, at 2-4 (citations to notes of testimony omitted).

The police investigation led to the home of Samantha Montgomery of Lebanon, Pennsylvania, who informed police that Appellant was her friend, and allowed the police to remove from her home items given to her children by Appellant, and other items belonging to Appellant. *Id*. at 8-9 (citing N.T., 4/10-11/14, at 94-137). The items removed from Ms. Montgomery's home were later identified as belonging to various victims, including Gary Deck, who had reported a burglary of his home in Lebanon County on August 14, 2014, in which the perpetrator entered through a window and stole various belongings including a credit card, a PlayStation game console, video games, memory cards, video game controllers, and credit cards. Trial Court Opinion, 8/14/14, at 4-5, 8-9 (citing N.T., 4/10-11/14, at 94-137, 155-156); Affidavit of Probable Cause, 9/17/10.

Appellant was charged at Docket No. 1487-2010 with one count of attempted criminal trespass for his attempted entry into the home of Mr. Ditzler, one count of aggravated assault of Officer Zinda, one count of disorderly conduct, one count of loitering and prowling at nighttime, and one count of providing false identification to law enforcement authorities.

Appellant was charged at Docket No. 256-2011 with one count of burglary of Mr. Deck's home, one count of receiving stolen property, one count of access device fraud pertaining to the unlawful use of Mr. Deck's stolen credit cards, and one count of criminal attempt to commit a theft by unlawful taking with regard to charges made on Mr. Deck's credit cards.

A consolidated jury trial at both dockets commenced on April 10, 2014, and on April 11, 2014, the jury returned the following verdicts:

Docket No. 1487-2010: guilty of attempted criminal trespass, aggravated assault, disorderly conduct, and providing false identification, and not guilty of loitering and prowling at nighttime.

Docket No 256-2011: guilty of receiving stolen property and not guilty of burglary, access device fraud, and attempted theft.

Following a hearing on April 30, 2014, the trial court sentenced Appellant at Docket No 1487-2010 to a period of incarceration of fourteen months to three years for attempted criminal trespass, a consecutive twelve months to three years for aggravated assault, three months to two years for disorderly conduct concurrent to the sentence for criminal trespass, and three months to two years for presenting false identification, consecutive to

- 4 -

the sentence imposed for aggravated assault, for an aggregate sentence of 29 months to 8 years of imprisonment.

At Docket No. 256-2011, the trial court sentenced Appellant to a term of imprisonment of 1 to 4 years for receiving stolen property.

The sentence at Docket No. 1487-2010 was imposed consecutive to the sentence at Docket No. 256-2010, for a combined aggregate sentence of 3 years and 5 months to 12 years of imprisonment.

Appellant filed post-sentence motions on May 12, 2014, which the trial court denied by order and opinion dated August 14, 2014. This appeal followed. On September 29, 2014, Appellant complied with the trial court orders at both docket numbers instructing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 23, 2014, the trial court entered an order stating that its August 14, 2014 opinion adequately addressed Appellant's alleged errors.

Appellant presents two issues for our review:

I.     Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that Appellant was guilty of the charges at Docket Number CP-38-CR-1487-2010?

II.    Did the Sentencing Court commit a manifest abuse of discretion by sentencing running [sic] Appellant's charge at Docket Number CP-38-CR-1487-2010 consecutively, and by running his sentence at Docket Number CP-38-CR-1487-2010 consecutive to Appellant's sentence at Docket Number CP-38-CR-256-2011?

Appellant's Brief at 4.

In his first issue, Appellant raises a challenge to the sufficiency of the evidence.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Emler***, 903 A.2d 1273, 1276–77 (Pa. Super. 2006).

Appellant challenges the sufficiency of the evidence with respect to his convictions for attempted criminal trespass, aggravated assault, and providing false identification to the police at Docket No. 1487-2010. Appellant's Brief at 15-18.[3]

_____

[3] While Appellant argues that the evidence was insufficient to support his conviction for disorderly conduct at Docket No. 1487-2010, his brief contains no discussion or development of this claim and accordingly he has abandoned it for purposes of this appeal. ***See Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa. Super. 2008) (stating an issue identified on appeal but not developed in an appellant's brief is abandoned and, therefore, waived).

*(Footnote Continued Next Page)*

With regard to Appellant's conviction for attempted criminal trespass, 18 Pa.C.S.A. § 901(a)(1) provides that "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime," while 18 Pa.C.S.A. § 3503(a)(1)(i) explains that "[a] person commits an offense if, knowing that he is not licensed or privileged to do so, he ... enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof."

Here, the trial court explained:

> The evidence is more than sufficient to support the jury's decisions. Ditzler stated that he was at his home during the early morning hours of August 15, 2010. He stated that [Appellant] attempted to rip a screen in his window in order to enter his premises. Ditzler described the man who was doing this as a Hispanic male wearing a blue shirt with white stripes and wearing a hat. Ditzler immediately called police and provided the description of the culprit. City police officers located a man matching the description given by Ditzler only a few blocks away from Ditzler's residence. Ditzler then identified [Appellant] as the person who had attempted to gain entry into his residence through the window.

Trial Court Opinion, 8/14/14, at 15-16.

We agree with the trial court that the foregoing evidence presented by the Commonwealth was sufficient to support Appellant's conviction of attempted criminal trespass. Appellant argues, however, that because Mr.

_____

*(Footnote Continued)*

Appellant does not challenge the sufficiency of the evidence with regard to his conviction for receiving stolen property at Docket No. 256-2011.

- 7 -

Ditzler testified that he did not see the face of the individual at his window, but could only identify his clothing, and was only able to identify Appellant as the suspect based on what he was wearing, Mr. Ditzler's identification of Appellant as the perpetrator was insufficient to support his conviction. Appellant's Brief at 16. Additionally, Appellant asserts that Mr. Ditzler's identification of him was tainted because his identification of Appellant occurred after Mr. Ditzler was driven by police to where Appellant had been apprehended, the police officers told Mr. Ditzler that Appellant was a suspect, and Mr. Ditzler's identification of Appellant as the perpetrator occurred while Appellant was in custody and surrounded by police officers. *Id*. at 16-17. Appellant thus argues that the evidence, in particular Mr. Ditzler's identification of Appellant, was insufficient to sustain his conviction for attempted criminal trespass.

This Court has explained:

[E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citations and internal quotations omitted).

At trial, Mr. Ditzler testified that on the night of the incident, he saw a person at his window attempting to rip open the screen, and while he was unable to see the person's face, he observed that it was a male and was able to describe the man's clothing to police. N.T., 4/10/14, at 9-10. Detective Christopher Cook responded to the report describing an individual as having a light complexion and wearing a blue and white horizontally striped shirt and light colored hat. *Id*. at 19. Approximately one block away from Mr. Ditzler's residence, the detective encountered Appellant, who was wearing clothing identical to that described by Mr. Ditlzer. *Id*. at 19-20. A short time thereafter, Mr. Ditzler was transported to the scene where Appellant had been apprehended, and immediately identified Appellant by his clothing as the person he had seen at his window. Moreover, Appellant provided the officers with false identification information. Based on the foregoing, we agree with the trial court that this circumstantial evidence here was sufficient to sustain Appellant's conviction for attempted trespass. *See Orr*, 38 A.3d at 868 (evidence was sufficient to identify the appellant where the victim of a robbery described his assailant as a tall man with a red beard and light complexion, wearing a camouflage jacket and grey pants, and shortly thereafter, the appellant was apprehended and the victim unequivocally identified him as the robber).

To the extent Appellant argues that Mr. Ditzler's identification was unreliable or incredible, such a claim constitutes a challenge to the weight of

the evidence which is waived, here, because Appellant did not specifically raise a weight of the evidence challenge in either his post-sentence motion or in his Pa.R.A.P. 1925(b) statement. *See* Pa.R.Crim.P. 607; Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Priest,* 18 A.3d 1235 (Pa. Super. 2011) (finding weight of the evidence claim waived for failure to present the claim before the trial court either orally or in writing before sentencing or in a post-sentence motion, and failure to present argument in court-ordered concise statement).[4]

Finally, Appellant argues that the circumstances surrounding Mr. Ditzler's identification were unduly suggestive, that Mr. Ditzler's testimony was therefore suspect, and the jury could not have relied upon Mr. Ditzler's

---

[4] We recognize that in his post-sentence motion and memorandum in support thereof, within his claim that the evidence was insufficient to support the verdict, Appellant asserted that the circumstances surrounding Mr. Ditzler's identification of Appellant rendered Mr. Ditzler's testimony incredible. Such an assertion in essence constitutes a challenge to the weight of the evidence, although Appellant couched this argument as a sufficiency claim. *See Commonwealth v. Widmer*, 560 Pa. 308, 319-20, 744 A.2d 745, 751-52 (Pa. 2000) (delineating the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence). However, even if Appellant properly preserved a weight of the evidence claim in his post-sentence motion, such claim is meritless. As the trial court noted, the jury "obviously believed Mr. Ditzler" and his description of Appellant as the person he observed attempting to tear open his window screen. Trial Court Opinion, 8/14/14, at 16. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence, and determine the credibility of the witnesses, and it is not within our province to disturb such credibility determinations on appeal. *Commonwealth v. McCloskey*, 835 A.2d 801 (Pa. Super. 2003).

identification of Appellant as the perpetrator to support its guilty verdict. Although Appellant also couches this argument as a sufficiency claim, he is challenging Mr. Ditzler's credibility, which was for the jury to resolve. *See McCloskey*, 835 A.2d at 809 (the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses).

Moreover, Appellant could have sought pre-trial suppression of Mr. Ditzler's identification testimony on the basis that the circumstances surrounding it were unduly suggestive, but opted not do so, waiving appellate review of any claim that the identification testimony was improperly admitted and relied upon by the jury. *See Commonwealth v. Douglass*, 701 A.2d 1376, 1378 (Pa. Super. 1997) (appellant waived his claim that identification evidence should be suppressed because the procedure was impermissibly suggestive where appellant failed to move to suppress the identification and therefore the Commonwealth had no burden to establish the constitutionality of that identification and there was no record on that issue for us to review; the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal).

Once the identification testimony of Mr. Ditzler was properly admitted at trial without objection, it was for the jury to assess the credibility of that testimony and to determine the weight to ascribe it, and within its province

as fact finder, the jury found Mr. Ditzler's testimony credible. We will not reweigh such credibility determinations on appeal.[5]

Appellant next challenges the sufficiency of the evidence with regard to his conviction for aggravated assault. To support a conviction for aggravated assault, the Commonwealth was required to demonstrate that Appellant "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to any [police officer] in the performance of duty." 18 Pa.C.S.A. § 2702(a)(3), (c)(1).

The trial court, finding the evidence sufficient to support the conviction, explained:

> Officer Zinda testified to the events that occurred when police confronted [Appellant]. Specifically, [Appellant] screamed and refused to stop. He would not identify himself. When Officer Zinda attempted to place [Appellant] into the rear seat of the patrol car, [Appellant] stiffened up and would not bend at the waist or sit in the car. Eventually, [Appellant] leaned back into the car, pulled both of his knees up and attempted to swiftly kick at Officer Zinda.

Trial Court Opinion, 8/14/14, at 16.

_____

[5] We cannot determine from the record before us whether Appellant requested that the trial court issue a **Kloiber** instruction to the jury. **See Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954) (holding that "where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution"). The jury instructions are not including with the notes of testimony transmitted to this Court.

Our review of the record confirms Officer Zinda testified that during the course of his encounter with Appellant, Appellant was "very agitated" and "yelling", and that Appellant "jerked away" when Officer Zinda attempted to seat him in the police vehicle. N.T., 4/10-11/14, at 51-52. When the officer finally succeeded in placing Appellant in the police vehicle and instructed Appellant to place both his legs inside the car, Officer Zinda testified that Appellant "rocked back, pulled up his right knee and then tried to kick me [with a] fast motion." *Id*. at 54. This testimony was corroborated by Officer Cook, who testified that Appellant "leaned back into the car, pulled both knees up in a striking motion, and kicked out at Officer Zinda." *Id*. at 29. Viewing the record in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the evidence was sufficient to support Appellant's aggravated assault conviction.

Appellant additionally challenges the sufficiency of the evidence with regard to his conviction for providing false identification to law enforcement authorities in violation of 18 Pa.C.S.A. § 4914, which provides:

> A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S.A. § 4914.

The trial court explained:

When [the police officers] asked [Appellant] to give him his name, he told them to look at his identification card. The identification card showed the name of Josue Hernandez Figueroa. Up until the time that [Appellant] was arrested and taken to Central Booking, police referred to him as "Josue Hernandez Figueroa." Because it is Central Booking's policy to run fingerprint identification when someone is processed that does not cooperate, police were able to determine that [Appellant] was not in fact "Josue Hernandez Figueroa" but was instead "Lance Cohen."

In addition, when police asked [Appellant] where he lived, he provide[d] them with an address that was nonexistent. He also told them that he was employed at ASK Foods. However, when police followed up with ASK Foods, they were informed that [Appellant] had never worked at ASK either on a part-time or full-time basis.

It is clear that [Appellant] attempted to conceal his identity from police and provided false information in an effort to do so. Thus, the Commonwealth established sufficient evidence to support the crime of False Identification to Law Enforcement Officers.

Trial Court Opinion, 8/14/14, at 17-18.

Again, viewing the record evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the Commonwealth presented sufficient evidence to support Appellant's conviction for providing false identification information to the police. Although Appellant argues that he never voiced to the police that his name was Josue Hernandez Figueroa, the jury found credible the officers' testimony that when asked to provide his name, Appellant directed the officers to the identification card that bore the name "Josue Hernandez Figueroa." Thereafter, when the officers arrested Appellant and transported

him to the police station, they repeatedly addressed him as "Josue," with Appellant making no effort to correct the officers. We agree with the trial court that this evidence was sufficient for the jury to find Appellant guilty of providing false identification to law enforcement authorities.

In his second issue, Appellant raises a challenge to the discretionary aspects of his sentence, asserting that the trial court abused its discretion when it mandated that Appellant's sentence at Docket No. 1487-2010 be served consecutive to his sentence at Docket No. 256-2011. This Court has explained that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014) (citations omitted).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at

14.   Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that the trial court erred by ordering that the sentences at Docket No. 1487-2010 be served consecutively to each other and that the aggregate sentence at Docket No. 1487-2010 be served consecutive to the sentence at Docket No. 256-2011.   Appellant's Brief at 19-20.   Specifically, Appellant claims that the incidents at each docket number occurred over the same time period, and were part of the same criminal episode, and therefore concurrent sentences should have been imposed.  **Id**.

In **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013), this Court explained that bald claims of excessiveness due to the consecutive nature of sentences imposed will not raise a substantial question.  However, a defendant may establish a substantial question where the consecutive nature of the sentences results in an aggregate sentence that is clearly unreasonable.  **Id**.  "The key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case."  **Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014) (citations omitted).

Here, at Docket No. 1487-2010, Appellant was found guilty of attempting to enter Mr. Ditzler's home on August 15, 2010, aggravated assault relative to attempting to kick Officer Zinda, and providing false

information to the police. At Docket No 256-2011, Appellant was found guilty of receiving stolen property belonging to Mr. Deck, following the burglary of Mr. Deck's home that occurred on August 14, 2010. Appellant received an aggregate sentence of 3 years and 5 months to 12 years of imprisonment. This sentence does not appear on its face to be so manifestly excessive as to raise a substantial question. **_Treadway, supra_**. Because we conclude that Appellant has failed to raise a substantial question, we will not proceed to reach the merits of his discretionary challenge.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2015